COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-554-CR

JIMMIE LEE HENDERSON                      APPELLANT

V.

THE STATE OF TEXAS STATE

----------

FROM THE 78
TH
 
DISTRICT 
COURT OF WICHITA COUNTY

----------

MEMORANDUM OPINION
(footnote: 1) AND JUDGMENT

----------

On January 27, 2005, we abated this appeal and remanded the cause to the trial court to determine whether appellant Jimmie Lee Henderson desired to prosecute his appeal and, if so, to determine whether he was indigent and to appoint counsel if necessary.  The appeal has since been reinstated upon the filing of the clerk’s and reporter’s records from the abatement hearing.

Appellant failed to appear at the abatement hearing; therefore, the trial court could not determine whether appellant desired to prosecute his appeal or whether he was indigent.  The trial court did find, however, that since the issuance of a capias in September 2004 for appellant’s failure to appear for a court hearing on the status of his appeal bond, appellant’s counsel had lost contact with him and law enforcement personnel had been unable to locate him.  Consequently, the trial court concluded that appellant had escaped and absconded from the court’s jurisdiction and granted the State’s and appellant’s counsel’s requests to dismiss the appeal.

We must dismiss an appeal upon the State’s motion, supported by affidavit, showing that an appellant has escaped from custody.  
See
 
Tex. R. App. P.
 42.4.  In this case, the State supported its oral motion to dismiss at the abatement hearing with live testimony from counsel showing that appellant had escaped from custody.  Therefore, pursuant to appellate rule 2, we suspend rule 42.4's requirement that the State’s motion to dismiss be supported by affidavit, and we dismiss the appeal.  
See 
Tex. R. App. P.
 2, 42.4, 43.2(f).

PER CURIAM

PANEL D : 
 CAYCE, C.J.; LIVINGSTON
, and DAUPHINOT, JJ. 

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED: April 7, 2005 

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.